**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:04cv510**
**[3:97cr22]**

| | |
|---|---|
| ALONZO MACKINS, JR., ) | |
| ) | |
| Petitioner, ) | AMENDED |
| ) | MEMORANDUM OF |
| Vs. ) | DECISION AND ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b)(4) (#551).

Where a petitioner seeks relief from a criminal judgment under Rule 60(b), Federal Rules of Civil Procedure, on grounds other than clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200 (4th Cir. 2003 ).

As made clear in the instant motion, petitioner seeks relief from the court's Judgment on grounds he either failed to raise in his previous Section 2255 petition or has already raised. In this petition, petitioner contends that the sentencing court erred in sentencing him because: (1) he lacked a prior conviction required for enhancement; (2) the court failed to inquire of defendant as to whether he was in fact convicted of the predicate offense; and (3) the government failed to provide notice that it sought to enhance his sentence. See Motion for Relief from Judgment, "Reasons for Granting Relief," at 5-6 (#551). Petitioner states,

however, that he raised in his previous petition a contention that "[e]rrors by the trial judge were committed at the sentencing hearing." Motion for Relief from Judgment (#551), at p. 4.

In accordance with the decision in United States v. Winestock, supra, the court has considered the motion to be a successive Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Review of the docket in this matter reveals that petitioner filed a previous Motion to Vacate, Set Aside or Correct Sentence on September 30, 2004, which was granted in part by the court, but otherwise denied. Petitioner appealed the dismissal of his 28 U.S.C. § 2255 claim that counsel rendered ineffective assistance; however, this appeal was dismissed as petitioner failed to first seek a certificate of appealability as required by 28 U.S.C. § 2253(c)(1). United States v. Mackins, No. 06-7581, at p. 6 (4th Cir. June 20, 2008) (unpublished, available herein as docket entry #508). Respondent also appealed the court's grant of relief to petitioner. On that appeal, the Court of Appeals for the Fourth Circuit reversed the decision of the sentencing court and remanded the criminal action for reimposition of the original sentence. Id., at p. 11. In accordance with the mandate of the Fourth Circuit, the court reimposed its original judgment of life imprisonment. (#510 & #512).

Regardless of whether petitioner's contentions herein were asserted as part of his previous contention that the trial judge "committed errors at the sentencing hearing," petitioner's previous § 2255 filing makes the instant filing a second or successive petition under the *Antiterrorism and Effective Death Penalty Act* (hereinafter the "AEDPA"). See 28 U.S.C. § 2255. The AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court. Id. "Before a second or successive application [for habeas corpus] is filed in the

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, this court may not consider the merits of petitioner's claims because he failed to first seek authorization from the Court of Appeals for the Fourth Circuit before filing it in this court. In accordance with the decision in United States v. Winestock, supra, Rule 60(b) cannot be used to sidestep the AEDPA's bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.

## ORDER

**IT IS, THEREFORE, IT IS HEREBY ORDERED** that (1) petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b)(4) (#551) is **DENIED** as non-justiciable under United States v. Winestock, supra; and (2) such motion, deemed to be a a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, is **DENIED** without prejudice as petitioner has not first sought and received permission from the Court of Appeals for Fourth Circuit to file a second or successive petition.

## **Declination of a Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the

denial of a constitutional right).

Signed: August 2, 2011

Max O. Cogburn Jr.
United States District Judge