**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cv510
[3:97cr22]**

| | |
|---|---|
| ALONZO MACKINS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's Motion for Reconsideration Pursuant to Rule 59(e) (#555). In such motion, petitioner asks the court to reconsider its July 8, 2011, Order (#554), which denied petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b)(4) (#551). Specifically, petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b)(4) was denied as non-justiciable under United States v. Winestock, 340 F.3d 200 (4th Cir. 2003 ), and deemed to be a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, which was then denied without prejudice as petitioner had not first sought and received permission from the Court of Appeals for Fourth Circuit to file a second or successive petition.

In the instant motion, petititioner asks the court to reconsider its Order, arguing that the court should cull the successive, abusive claims and consider the claims cognizable under Rule 60(b). Motion, at p. 3. For cause, petitioner argues as follows:

> Petitioner preserved the issues at sentencing, by objection, that were then raised on direct appeal and at every proceeding thereafter. The issue of "[e]rrors by the trial judge were committed at the sentencing" was summarily dismissed by the court at each proceeding.
> On January 6, 2006, the district court held that most of the Petitioner's claims should be summarily dismissed (J.A. 96-102). This summary dismissal

-1-

> was at the heart of Petitioner's appeal in *United States v. Mackins*, No. 06-4955. (J.A. 103-104).
>
> In this case, the collateral estoppel bar is inapplicable where the claimant did not have a "full and fair opportunity to litigate" the issue by the other court. " Only a final judgment that is 'sufficiently firm' can be issue preclusive." *Luben Indus, v. U.S.*, 707 F.2d 1037, 40 (9th Cir. 1983).
>
> The Petitioner's Rule 60(b) motion is seeking a remedy for a defect in the collateral review process that was reflected in a substantial increased sentence of life imprisonment.
>
> \* \* \*
>
> In essence, Petitioner does not have a prior conviction which is mandatory for an enhancement pursuant to 21 U.S.C. § § 851 and 841(B)(1)(A). The Petitioner's Rule 60(b)(4) motion is showing a defect in the integrity of the earlier post conviction proceedings, not a challenge to the district court's resolution of the case.

Motion, at pp. 4-5. Thus, petitioner appears to take issue not only with a purported sentencing error, but with the court's "summary" resolution of that error on collateral review.

Guidance has been provided by the Court of Appeals for the Fourth Circuit in distinguishing a true Rule 60(b) motion from a second or successive petition, holding that:

> district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'

United States v. Winestock, 340 F.3d 200, 206 (4th Cir.2003). The appellate court went on to provide "a relatively straightforward guide" for determining when a Rule 60(b) motion is actually an attempted successive collateral review application:

> a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id., at 207.

Applying the guidance of Winestock to this motion, the court finds that while petitioner is contending that he is seeking a remedy based on a defect in the collateral review

-2-

process pursuant to Rule 60(b), the foundation of his argument is that the sentencing court erred by failing to make inquiry of petitioner prior to sentencing concerning prior convictions as required under 21, United States Code, Section 851(b).[1] Recently, Honorable Frank D. Whitney, Jr., United States District Judge, addressed an almost identical argument in Hendricks v. United States, 2010 WL 5151319 (W.D.N.C. Dec. 13, 2010),[2] holding as follows:

> [petitioner] claims that the Court did not have jurisdiction to enhance his sentence for his federal criminal convictions because the sentencing judge failed to comply with the statutory requirements of 21 U.S.C. § 851(b) (1995).
> Petitioner has misapplied the Federal Rules of Civil Procedure. Rule 60(b)(4) can only be used to call into question a previous civil judgment. The only civil judgment that has been applied to Petitioner was that denying his March 8, 1999 Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 10). However, Petitioner does not argue that the Court had no jurisdiction over his § 2255 motion. Instead, his motion claims that the Court lacked the authority to enhance his criminal sentence.
> Post-conviction challenges to the validity of a criminal sentence must be brought as a motion pursuant to § 2255. Indeed, because Petitioner's motion does nothing more than attack the validity of his criminal sentence, it must be read as a § 2255 motion, notwithstanding its caption. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir.2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion.). However, Petitioner already has exhausted a § 2255 motion. *See United States v. Hendricks*, 30 F. App'x 135 (4th Cir.2002) (affirming the district court's denial of Petitioner's § 2255 motion). Therefore, this motion is a "second or successive" motion under § 2255, *Winestock*, 340

---

[1] Such provision provides, as follows:

**(b) Affirmation or denial of previous conviction**
If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b).

[2] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

> F.3d at 206 ("[D]istrict courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against ... litigation of claims not presented in a prior application."), and Petitioner must obtain a certification from the Fourth Circuit before he may bring it in the district court, 28 U.S.C. § 2244(b)(3)(A). Because he has failed to obtain certification to bring this "second or successive" § 2255 motion, it must be dismissed. Winestock, 340 F.3d at 207.

Id., at *1. Clearly, the argument in this case fares no better as petitioner's claim is a post-conviction challenge to the validity of a criminal sentence, which must be brought as a motion pursuant to Section 2255.

Reading the petition in a light most favorable to petitioner, it appears that he is contending that the manner in which the district and appellate courts "summarily" handled his first Section 2255 petition raising such sentencing error is a defect in the collateral review process warranting review under Rule 60(b).[3] As the Court of Appeals for the Fourth Circuit held in Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46 (4th Cir. 1993):

> [i]t is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal. *See Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950). Therefore, before a party may seek relief under Rule 60(b), a party first must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir.1984). After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b).

Id., at 48. It also follows that a Rule 60(b) motion cannot be used to raise issues that were or could have been raised on appeal. Reform Party of Allegheny County v. Allegheny County Dept. of Elections, 174 F.3d 305, 312 (3d Cir.1999). Disagreement with the manner in which a previously raised claim was resolved by a court is simply not a defect in the collateral review process. Honorable Samuel G. Wilson, United States District Judge, in

---

[3] Petitioner allegd at paragraph 34 of his earlier Section 2255 petition that the "court did error [*sic*] in the enhancing of movant's sentence." Motion to Vacate (#464), at p. 15.

-4-

addressing a nearly identical contention, held as follows:

> [t]he defect Boysaw identified here is simply this: "the District Court failed to address any of the Movant's issues of enhancement and adopted the ruling of the 4th Circuit, that all issues had been litigated." However, this is not a defect in the collateral review process but an alleged error in the court's reasoning which is grist for appeal but not a § 2255 motion. Accordingly, the court dismisses Boysaw's motion because it is successive.

United States v. Boysaw, 2010 WL 2403045, *1 (W.D.Va. June 15, 2010). This court also concludes that alleged errors in a court's disposition of an earlier Section 2255 petition, while properly subject to timely appeal, will not form the basis of a Rule 60(b) motion.

* * *

Having carefully considered petitioner's Motion for Reconsideration, the court cannot find that this is a "mixed" petition in that all claims are second or successive petitions that require prior authorization from the Court of Appeals for the Fourth Circuit. Petitioner's argument that this a "true" Rule 60(b) claim and that is should be severed from abusive, second or successive claims is without support as his present claim either attacks the validity of the criminal sentencing or seeks to have this court reconsider this court's and the appellate court's final disposition of such claim as earlier raised. As such, it is a second or successive petition over which this court lacks jurisdiction at this time.

## ORDER

**IT IS, THEREFORE, ORDERED** that petitioner's Motion for Reconsideration Pursuant to Rule 59(e) (#555) is **GRANTED**, and having reconsidered the earlier Order, the court incorporates herein the previous Order and **REAFFIRMS** such Order for the reasons discussed herein.

**IT IS FURTHER ORDERED** that the previous Memorandum of Decision and Order is **STRICKEN,** and an Amended Memorandum of Decision and Order is entered simultaneously herewith to correct stylistic and typographical errors found upon reconsideration.

### Declination of a Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 2, 2011

Max O. Cogburn Jr.
United States District Judge